UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :

IN RE SEPTEMBER 11 LITIGATION          :           21 MC 97 (AKH)

                                        :           **JURY TRIAL DEMANDED**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MASTER ANSWER OF DEFENDANTS AMR CORPORATION AND AMERICAN AIRLINES, INC. TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT

Defendants AMR Corporation ("AMR") and American Airlines, Inc. ("American"), by and through their attorneys, Condon & Forsyth LLP and Debevoise & Plimpton, answer Plaintiffs' Fourth Amended Flight 77 Master Liability Complaint (the "Complaint") as follows:

### BACKGROUND

1.     AMR and American deny all allegations set forth in the "BACKGROUND" section of the Complaint, except AMR and American do not dispute that plaintiffs' decedents were injured and killed as a result of the deliberate acts of terrorists who seized control of the aircraft and intentionally crashed it into the Pentagon Building in Arlington, Virginia. AMR and American leave all questions of law to be decided by the Court.

### JURISDICTION AND VENUE

2.     AMR and American deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 2 and 3, except AMR and American do not dispute that Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," creates original and exclusive jurisdiction in the United States District Court for

the Southern District of New York for all actions brought for claims resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001. AMR and American leave all questions of law to be decided by the Court.

## THE PARTIES

3.     AMR and American deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 4 and 5. AMR and American leave all questions of law to be decided by the Court.

## AMERICAN AIRLINES

4.     AMR and American admit the allegations set forth in paragraphs 6, 8 and 12.

5.     AMR and American deny the allegations set forth in paragraphs 7, 9, 10 and 11, except AMR and American admit that American is a common carrier engaged in the business of transporting passengers by air and operates regularly scheduled flights from Washington Dulles International Airport and that AMR is the parent corporation of American. AMR and American leave all questions of law to be decided by the Court.

## OTHER AIRLINE DEFENDANTS

6.     The allegations in paragraphs 13, 14, 15, 16, 17, 18, 19 and 20 are not directed to AMR and American; therefore, AMR and American make no response to them. To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## THE SECURITY COMPANY DEFENDANTS

7.     The allegations in paragraphs 21, 22, 23, 24 and 25 are not directed to AMR and American; therefore, AMR and American make no response to them. To the extent

those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## MWAA

8.     The allegations in paragraphs 26 and 27 are not directed to AMR and American; therefore, AMR and American make no response to them. To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## THE BOEING DEFENDANT

9.     The allegations in paragraphs 28, 29 and 30 are not directed to AMR and American; therefore, AMR and American make no response to them. To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## GENERAL ALLEGATIONS

10.     AMR and American deny the allegations set forth in paragraphs 31, 32, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50 and 58, except AMR and American admit that American was authorized by the United States Department of Transportation and the Federal Aviation Administration to operate Flight 77 and that American had a duty to operate Flight 77 in accordance with federal aviation laws and regulations. AMR and American leave all questions of law to be decided by the Court.

11.     The allegations in paragraphs 33, 34, 35, 36, 37, 38, 39 and 40 are not directed to AMR and American; therefore, AMR and American make no response to them. To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

12.    AMR and American admit the allegations set forth in paragraph 52.

13.    AMR and American deny knowledge or information sufficient to form a

belief as to the truth of the allegations set forth in paragraphs 51, 53, 54, 55, 56 and 57. AMR

and American leave all questions of law to be decided by the Court.

## COUNT ONE

## CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST AMERICAN, THE SECURITY COMPANY DEFENDANTS, AND MWAA BASED ON NEGLIGENCE, NEGLIGENCE PER SE, RECKLESS CONDUCT AND CONSCIOUS DISREGARD FOR RIGHTS AND SAFETY

14.    Answering paragraph 59, AMR and American repeat, reiterate, and

reallege each allegation, admission, and denial in paragraphs 1 through 13 of this Master Answer

with the same force and effect as if set forth in full herein.

15.    AMR and American deny the allegations set forth in paragraphs 60, 61,

62, 63, 64 and 65, except AMR and American admit that American was authorized by the United

States Department of Transportation and the Federal Aviation Administration to operate Flight

77 and that American had a duty to operate Flight 77 in accordance with federal aviation laws

and regulations and AMR and American do not dispute that plaintiffs' decedents were injured

and killed as a result of the deliberate acts of terrorists who seized control of the aircraft and

intentionally crashed it into the Pentagon building in Arlington, Virginia. AMR and American

leave all questions of law to be decided by the Court.

## COUNT TWO

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST THE OTHER AIRLINE DEFENDANTS BASED ON NEGLIGENCE

16.    Answering paragraph 66, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 15 of this Master Answer with the same force and effect as if set forth in full herein.

17.    The allegations in paragraphs 67, 68, 69, 70, 71 and 72 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## COUNT THREE

### CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST AMERICAN, THE OTHER AIRLINE DEFENDANTS AND MWAA BASED ON NEGLIGENT SELECTION

18.    Answering paragraph 73, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 17 of this Master Answer with the same force and effect as if set forth in full herein.

19.    AMR and American deny the allegations set forth in paragraphs 74, 75, 76, 77, 78, 79, 80, 81 and 82, except AMR and American admit that American had a duty to operate Flight 77 in accordance with federal aviation laws and regulations and AMR and American do not dispute that plaintiffs' decedents were injured and killed as a result of the deliberate acts of terrorists who seized control of the aircraft and intentionally crashed it into the Pentagon building in Arlington, Virginia.  AMR and American leave all questions of law to be decided by the Court.

## COUNT FOUR

## CLAIMS FOR PERSONAL INJURIES, WRONGFUL DEATH AND SURVIVAL DAMAGES BASED ON RES ISPA LOQUITUR AGAINST ALL DEFENDANTS

20.     Answering paragraph 83, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 19 of this Master Answer with the same force and effect as if set forth in full herein.

21.     AMR and American deny the allegations set forth in paragraphs 84 and 85.  AMR and American leave all questions of law to be decided by the Court.

## COUNT FIVE

## CLAIM FOR WRONGFUL DEATH DAMAGES AGAINST AMERICAN BASED ON ABSOLUTE LIABILITY UNDER THE WARSAW CONVENTION AND THE IATA AGREEMENT

22.     Answering paragraph 86, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 21 of this Master Answer with the same force and effect as if set forth in full herein.

23.     AMR and American deny the allegations set forth in paragraphs 87, 88 and 89, except AMR and American do not dispute that plaintiffs' decedents were injured and killed as a result of the deliberate acts of terrorists who seized control of the aircraft and crashed it into the Pentagon building in Arlington, Virginia.  AMR and American leave all questions of law to be decided by the Court.

## COUNT SIX

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON STRICT TORT LIABILITY

24.     Answering paragraph 90, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 23 of this Master Answer with the same force and effect as if set forth in full herein.

25.     The allegations in paragraphs 91, 92, 93, 94 and 95 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## COUNT SEVEN

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON NEGLIGENT DESIGN

26.     Answering paragraph 96, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 25 of this Master Answer with the same force and effect as if set forth in full herein.

27.     The allegations in paragraphs 97, 98, 99, 100, 101 and 102 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## COUNT EIGHT

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON BREACH OF WARRANTY

28.    Answering paragraph 103, AMR and American repeat, reiterate, and reallege each allegation, admission, and denial in paragraphs 1 through 27 of this Master Answer with the same force and effect as if set forth in full herein.

29.    The allegations in paragraphs 104, 105, 106 and 107 are not directed to AMR and American; therefore, AMR and American make no response to them.  To the extent those allegations are intended to or can be construed to state a claim against AMR or American, they are denied.

## COUNT NINE

### CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

30.    Answering paragraph 108, AMR and American repeat, reiterate and reallege each allegation, admission, and denial in paragraphs 1 through 29 of this Master Answer with the same force and effect as if set forth in full herein.

31.    AMR and American deny the allegations in paragraphs 109, 110, 111, 112, 113, 114 and 115, except that AMR and American admit that American had a duty to operate Flight 77 in accordance with federal aviation laws and regulations.

## COUNT TEN

## CLAIM FOR PUNITIVE DAMAGES
## AGAINST ALL DEFENDANTS

32.    Answering paragraph 116, AMR and American repeat, reiterate and reallege each allegation, admission, and denial in paragraphs 1 through 31 of this Master Answer with the same force and effect as if set forth in full herein.

33.    AMR and American deny the allegations in paragraphs 117 and 118.

## FIRST AFFIRMATIVE DEFENSE

34.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

35.    Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001.

36.    To the extent plaintiffs' Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

37.    Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal acts of third parties who were not under the care, custody, control, or supervision of AMR and American; therefore, AMR and American cannot be held liable for plaintiffs' alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

38.    The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.), and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security and these federal standards preempt State law standards governing flight operations, passenger screening, maintenance, inspection, flight crew training and in-flight security procedures, which plaintiffs allege that AMR and American violated.

39.    AMR's and American's compliance with these federal standards preclude a finding of liability against them.

## FIFTH AFFIRMATIVE DEFENSE

40.    Any of plaintiffs' claims that relate to rates, routes, and services provided by AMR or American are expressly preempted by 49 U.S.C. §41713.

## SIXTH AFFIRMATIVE DEFENSE

41.    The alleged damages complained of were caused by the negligence or intentional misconduct of parties other than AMR and American and for whom AMR and American are not responsible; therefore, AMR and American are not liable to plaintiffs or, in the alternative, AMR's and American's liability to plaintiffs, if any, should be reduced in accordance with applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

42.    Plaintiffs and/or the decedents' next of kin named as claimants in the Complaint lack capacity and/or standing to maintain this action.

## EIGHTH AFFIRMATIVE DEFENSE

43.    The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of AMR or American, their agents, or employees.

## NINTH AFFIRMATIVE DEFENSE

44.    AMR and American are not liable to plaintiffs because AMR and American complied with all applicable government regulations in effect at the time of the events described in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

45.    Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act."

## ELEVENTH AFFIRMATIVE DEFENSE

46.    Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant

thereto are barred since compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

## TWELFTH AFFIRMATIVE DEFENSE

47.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," recovery by plaintiffs, if any, should be reduced by any collateral source payment that has been or will be paid to plaintiffs in accordance with the applicable State law as may be derived by this Court from Virginia law.

## THIRTEENTH AFFIRMATIVE DEFENSE

48.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," AMR's and American's liability, if any, must be limited to its proportionate share in accordance with the applicable State law as may be derived by this Court from Virginia law.

## FOURTEENTH AFFIRMATIVE DEFENSE

49.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for plaintiffs' damages, the amount recoverable against AMR and American must be reduced in accordance with the applicable State law as may be derived by this Court from Virginia law.

## FIFTEENTH AFFIRMATIVE DEFENSE

50.    Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation

Security Act," the total amount of punitive damages plaintiffs may recover, if any, is limited to $350,000 in accordance with Virginia Code Annotated § 8.01-38.1 (2000) or in accordance with such similar or counterpart principles as may be derived by this Court from Virginia law.

### SIXTEENTH AFFIRMATIVE DEFENSE

51.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," damages for conscious pain and suffering of the decedents are barred by Virginia law or in accordance with such similar or counterpart principles as may be derived by this Court from Virginia law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

52.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if a claim on behalf of plaintiffs' decedents has been filed with the "September 11th Victim Compensation Fund of 2001," plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001.

### EIGHTEENTH AFFIRMATIVE DEFENSE

53.     Since AMR and American were not in actual possession or control of the aircraft at the time of the crash, AMR's and American's liability is limited pursuant to 49 U.S.C.A. § 44112 (2002).

### NINETEENTH AFFIRMATIVE DEFENSE

54.     Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation

Security Act," limits the amount of damages recoverable from AMR and American to American's liability insurance coverage.

## TWENTIETH AFFIRMATIVE DEFENSE

55.    The Complaint and all causes of action therein should be dismissed on the ground that plaintiffs have failed to join all necessary and indispensable parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

56.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 11 of the Virginia State Constitution because the standards for determining liability for punitive damages and the standards for determining the amount of punitive damages in Virginia are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious, excessive and disproportionate punishment that serves no legitimate government interest.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

57.    The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 11 of the Virginia State Constitution because Virginia's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

58.    The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth

Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 11 of the Virginia State Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

59.    The imposition of punitive damages in this case based upon a theory of respondeat superior without proof that an officer, director or managing agent of the company acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 11 of the Virginia State Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

60.    The imposition of joint and several liability for punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to United States Constitution and of Article I, Section 11 of the Virginia State Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

61.    The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Virginia State Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

62.    The imposition of punitive damages in this case based upon evidence of defendants' wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 11 of the Virginia State Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

63.    The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of defendants would violate the Commerce

Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

64.    The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to the plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 11 of the Virginia State Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

65.    The imposition of punitive damages in this case pursuant to Virginia law to punish defendants for conduct that occurred outside of Virginia would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and of Article I, Section 11 of the Virginia State Constitution as well as the Commerce Clause of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

66.    Damages, compensatory or punitive, may be barred or limited by applicable State law as may be derived by the Court from Virginia law, including its choice of law principles.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

67.    Plaintiffs' claims for punitive damages must be dismissed or limited pursuant to the Order of this Court dated July 3, 2007.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

68.    The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain

Rules Relating to International Transportation by Air, concluded at Warsaw, Poland, October 12,

1929, 49 Stat. 3000, T.S. No. 876, 137 L.N.T.S. 11 (1934), *reprinted in* note following 49

U.S.C.A. § 40105 (1997), as amended by the Protocol Done at The Hague on 28 September

1955, or the Convention for the Unification of Certain Rules Relating to International

Transportation by Air, concluded at Warsaw, Poland, October 12, 1929 as amended by Montreal

Protocol No. 4 to Amend the Convention for the Unification of Certain Rules Relating to

International Carriage by Air Signed at Warsaw on 12 October 1929 as amended by the Protocol

Done at The Hague on 28 September 1955 (Sept. 25, 1975), *reprinted in* S. Exec. Rep, No. 105-

20 pp. 21-32 (1998) (hereinafter referred to as the "Warsaw Convention"), and with respect to

the Warsaw Convention Plaintiffs, the rights of the parties to this litigation are governed by the

provisions of said Warsaw Convention.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

69.     AMR and American's liability to the Warsaw Convention Plaintiffs, if

any, is limited in accordance with the provisions of the Warsaw Convention, American's

contract of carriage and tariff, the provisions of the Agreement on Measures to Implement the

IATA Intercarrier Agreement ("MIA"), and the Air Transport Association of America Provisions

Implementing the IATA Intercarrier Agreement to be Included in Conditions of Carriage and

Tariffs ("IPA").

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

70.     Pursuant to the provisions of the MIA, the IPA, American's contract of

carriage and tariff, and Article 20 of the Warsaw Convention, AMR and American's liability to

the Warsaw Convention Plaintiffs, if any, is limited because AMR and American and their

servants and agents took all necessary measures to avoid the damage or it was impossible for them to take such measures.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

71.    Pursuant to the Warsaw Convention, punitive damages are not recoverable by the Warsaw Convention Plaintiffs in this action as a matter of law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

72.    The Complaint should be dismissed for insufficiency of service of process.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

73.    Plaintiffs' claims are barred by the applicable statute of limitation.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

74.    Plaintiffs' Complaint should be dismissed to the extent that it is based on a right of subrogation, which does not exist under the applicable law.

## FORTIETH AFFIRMATIVE DEFENSE

75.    AMR and American owed no legal duty to the ground damage plaintiffs.

## FORTY-FIRST AFFIRMATIVE DEFENSE

76.    Plaintiffs' Complaint must be dismissed to the extent that relevant evidence required by AMR and American to mount their defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

## FORTY-SECOND AFFIRMATIVE DEFENSE

77.    Plaintiffs' alleged damages were caused by an act of war.

## FORTY-THIRD AFFIRMATIVE DEFENSE

78.    Plaintiffs' claims are barred by the state secrets doctrine.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

79.    AMR and American reserve the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

WHEREFORE, AMR and American demand judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

Dated:  November 13, 2007

CONDON & FORSYTH LLP

By

Desmond T. Barry, Jr. (DB 8066)

7 Times Square
New York, New York 10036
Tel.: (212) 490-9100
Fax: (212) 370-4483

-and-

DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel.: (212) 909-6000
Fax: (212) 909-6836


Attorneys for Defendants
AMR CORPORATION
AMERICAN AIRLINES, INC.


TO:    PLAINTIFFS' LIAISON COUNSEL
       PLAINTIFFS' EXECUTIVE COMMITTEE
       ALL DEFENSE COUNSEL
       U.S. ATTORNEY'S OFFICE

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                              ) ss.:
COUNTY OF NEW YORK       )

        Sarah R. Connelly, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in New York, New York, and that on the 13th day of November 2007, deponent served the within **MASTER ANSWER OF DEFENDANTS AMR CORPORATION AND AMERICAN AIRLINES INC. TO PLAINTIFFS' FOURTH AMENDED FLIGHT 77 MASTER LIABILITY COMPLAINT** upon:

1. Marc S. Moller, Esq. and Brian J. Alexander, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
2. Donald A. Migliori, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel;
3. Robert A. Clifford, Esq. and Timothy S. Tomasik, Esq. – Property Damage and Business Loss Plaintiffs' Liaison Counsel;
4. Richard Williamson, Esq. and M. Bradford Stein, Esq. – Ground Defendants' Liaison Counsel;
5. Beth Jacob Esq. – WTC 7 Ground Defendant's Liaison Counsel;
6. Beth E. Goldman, Esq., Sarah S. Normand, Esq. and Jeannette A. Vargas, Esq. – U.S. Attorney's Office; and
7. All Aviation Defendants

by emailing a copy of said papers to the attorneys in accordance with the Court's March 10, 2005 Order.

                                    *Sarah R Connelly*
                                   Sarah R. Connelly

Sworn to before me this
13th day of November 2007

_____
      Notary Public

MARIA PAGAN
Notary Public, State of New York
No. 01PA4670337
Qualified in Queens County
Commission Expires 10/31/2010