UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – x

|  |  |  |
|---|---|---|
| IN RE SEPTEMBER 11 LITIGATION | : | |
| | : | |
| This Memorandum relates to: | : | |
| | : | |
| *Fisher v. AMR Corp., et al.*, 07 Civ. 8399 (AKH) | : | Civil No. |
| | : | 21 MC 97 (AKH) |
| *Golinski v. AMR Corp., et al.*, 07 Civ. 8398 (AKH) | : | |
| | : | |
| *Shontere v. AMR Corp., et al.*, 07 Civ. 8401 (AKH) | : | |
| | : | |
| *Willcher v. AMR Corp., et al.*, 07 Civ. 8402 (AKH) | : | |
| | : | |

– – – – – – – – – – – – – – – – – – – – – – – – – x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR AN ORDER: (1) APPROVING THE SETTLEMENT; (2) ENTERING FINAL
JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL
PROCEDURE; (3) RULING THAT THE LIABILITY LIMITATION CONTAINED IN
SECTION 408(a)(1) OF THE AIR TRANSPORTATION SAFETY AND SYSTEM
STABILIZATION ACT APPLIES TO THE SETTLEMENT AMOUNT; AND
(4) DISMISSING THE COMPLAINT WITH PREJUDICE**

Defendants American Airlines, Inc. ("American"), AMR Corporation ("AMR") and

Argenbright Security, Inc. ("Argenbright") respectfully move for the entry of Orders: (1)

approving the settlement agreements reached between the parties in *Fisher v. AMR Corporation,*

*et al.*, 07 Civ. 8399 (AKH); *Golinski v. AMR Corporation, et al.*, 07 Civ. 8398 (AKH); *Shontere*

*v. AMR Corporation, et al.*, 07 Civ. 8401 (AKH); and *Willcher v. AMR Corporation, et al.*, 07

Civ. 8402 (AKH), as fair, reasonable, and reached in good faith; (2) directing the entry of final

judgment in each case in accordance with the terms of each settlement, pursuant to Rule 54(b) of

the Federal Rules of Civil Procedure; (3) ruling that the amounts paid pursuant to the settlement

agreements count towards the limitation of liability established by Section 408(a)(1) of the Air

Transportation Safety and System Stabilization Act; and (4) dismissing the Complaints in *Fisher*

*v. AMR Corporation, et al.*, 07 Civ. 8399 (AKH); *Golinski v. AMR Corporation, et al.*, 07 Civ.

8398 (AKH); *Shontere v. AMR Corporation, et al.*, 07 Civ. 8401 (AKH); and *Willcher v. AMR Corporation, et al.*, 07 Civ. 8402 (AKH)), with prejudice as to all defendants.

## PRELIMINARY STATEMENT

Defendants seek the entry of Orders to ensure the finality of their settlements and to reflect that the full amount paid pursuant to the settlement agreements count towards the limitation imposed by the Air Transportation Safety and System Stabilization Act (the "ATSSSA") on liability arising from the terrorist-related aircraft crashes of September 11, 2001. The settlement agreements provide that defendants shall have no obligation thereunder and that no payments will be made, unless and until a final, non-appealable determination is obtained ruling that the full amount to be paid under the settlement agreements count against the limitation on liability established by Section 408(a)(1) of the ATSSSA. A copy of each Confidential Stipulation of Settlement is attached to the Declaration of Desmond T. Barry, Jr., submitted herewith as "Exhibit A" through "Exhibit D", with references to the settlement amounts redacted. An unredacted version of each Confidential Stipulation of Settlement is being filed under seal with the Court.

If the amount of each settlement – as opposed to payment pursuant to judgment resulting from jury verdict – did not come under the 408(a)(1) limitation, the Aviation Defendants would have no choice but to pursue continued, protracted litigation of each claim. No one's interests would be served by such a result: compensation to victims of the September 11 attacks would be delayed, and the Court would be saddled with the burden of complex litigation in the personal injury and wrongful death cases when an agreed-upon resolution is otherwise available. To effectuate the language and purpose of the ATSSSA, as well as to avoid unnecessary and undesirable results, the Court should enter the attached proposed Orders. In addition, because

2

there is no just reason for delay, the Court should direct the immediate entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the terms of the each settlement agreement.

## STATEMENT OF FACTS

I.    *Fisher v. AMR Corporation, et al.,* **07 Civ. 8399 (AKH).**

Plaintiff Christine Fisher's decedent, Gerald P. Fisher, was present in or around the Pentagon in Arlington, Virginia on September 11, 2001, when American Airlines Flight 77 struck the building.  Mr. Fisher was killed when terrorists seized control of the aircraft and intentionally crashed it into the Pentagon.

II.   *Golinski v. AMR Corporation, et al.,* **07 Civ. 8398 (AKH).**

Plaintiff Irene M. Golinski's decedent, Ronald F. Golinski, was present in or around the Pentagon in Arlington, Virginia on September 11, 2001, when American Airlines Flight 77 struck the building.  Mr. Golinski was killed when terrorists seized control of the aircraft and intentionally crashed it into the Pentagon.

III.  *Shontere v. AMR Corporation, et al.,* **07 Civ. 8401 (AKH).**

Plaintiff Julia P. Shontere's decedent, Angela M. Houtz, was present in or around the Pentagon in Arlington, Virginia on September 11, 2001, when American Airlines Flight 77 struck the building.  Ms. Houtz was killed when terrorists seized control of the aircraft and intentionally crashed it into the Pentagon.

IV.   *Willcher v. AMR Corporation, et al.,* **07 Civ. 8402 (AKH).**

Plaintiff Shirley N. Willcher's decedent, Ernest M. Willcher, was present in or around the Pentagon in Arlington, Virginia on September 11, 2001, when American Airlines Flight 77 struck the building.  Mr. Willcher was killed when terrorists seized control of the aircraft and intentionally crashed it into the Pentagon.

V.       **The Settlement Process.**

Pursuant to a settlement process that this Court helped establish, plaintiffs and defendants have agreed upon a settlement in the above referenced cases.  The settlement agreements provide for payments to plaintiffs in full satisfaction of their claims.  The settlement agreements also provide that defendants will have no obligations thereunder, and that no payments to plaintiffs will be made, until: (1) a final judgment has been entered in each case in accordance with the settlement terms and the time to appeal has been exhausted; and (2) a final ruling in each case has been made that payments pursuant to the settlements count towards the limitation on liability imposed by Section 408(a)(1) of the ATSSSA.

The settlements were the product of extensive negotiations between experienced counsel pursuant to a Court-established schedule.  Over the course of meaningful negotiations, and taking into account such factors as the risks of litigation, the various factual and legal claims and defenses of the parties, and the individual circumstances of the plaintiffs and the decedents, the parties reached the resolution embodied in the settlement agreements.  American's and Argenbright's respective insurers agreed to jointly fund the *Fisher, Golinski, Shontere* and *Willcher* settlements.  The settlements apply to all defendants and provide for the dismissal of the complaints as to all defendants.

Throughout the negotiations, the parties recognized the significant interest of the defendants in ensuring that the full amount paid under any settlement would count towards the limitation on liability established by Section 408(a)(1) of the ATSSSA.  Thus, the parties have made it a condition precedent to any payment under the terms of each settlement agreement that a final, non-appealable order issue for each case confirming that the full amount of each

settlement count towards the limitation of liability under Section 408(a)(1) of the ATSSSA. Defendants simply would not be willing to enter into a settlement agreement that might expose them to liability in excess of the Section 408(a)(1) limits. Defendants are prepared to make payment to plaintiffs of the settlement amounts promptly upon the issuance of final, non-appealable rulings. Absent such rulings, these cases will not settle and plaintiffs will be forced to await the conclusion of the entire litigation before any liability can be established and any determination can be made of the amount of compensation, if any, that plaintiffs will receive.

## ARGUMENT

### I.    The Court Should Approve The Settlements And Enter Judgments.

#### A.    Section 408 of the ATSSSA.

In the immediate aftermath of the September 11, 2001 terrorist attacks, Congress enacted the ATSSSA. Recognizing the urgent need to provide for compensation to the victims of the attacks and to protect the aviation industry against devastating financial consequences, Congress created two alternatives for victims who suffered personal injury or death: they could elect to receive compensation from the government-funded Victims' Compensation Fund ("VCF") without the necessity of proving fault, or they could pursue a newly created, exclusive federal cause of action for damages.[1]

While permitting litigation for claims arising from the September 11 attacks, the ATSSSA provides that liability for all claims against specified defendants may not exceed the

---

[1]    This litigation includes multiple cases alleging property damage and business interruptions resulting from the September 11 attacks. Those cases have been consolidated in a separate track of the litigation under the docket number 21 MC 101. As ATSSSA foresaw, the Aviation Defendants have also been subject to cross-claims alleging property damage by, among others, the Port Authority of New York and New Jersey and World Trade Center Properties LLC.

limits of each defendant's respective liability insurance coverage. Section 408(a)(1) of the

ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims, whether for compensatory or punitive damages or for contribution or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001, against an air carrier, aircraft manufacturer, airport sponsor, or person with a property interest in the World Trade Center, on September 11, 2001, whether fee simple, leasehold or easement, direct or indirect, or their directors, officers, employees or agents, shall not be in an amount greater than the limits of liability insurance coverage maintained by that air carrier, air manufacturer, airport sponsor or person.

107 Pub. L. 71, § 408(a)(1). This sweeping language includes liability pursuant to settlements

like the settlements at issue here.

First, these claims "arising from the terrorist-related aircraft crashes of September 11,

2001." Mr. Fisher, Mr. Golinski, Ms. Houtz and Mr. Willcher were killed when terrorists

deliberately crashed Flight 77 into the Pentagon.

Second, the liability imposed by virtue of the settlements at issue are part of the "liability

for all claims" that Congress has directed shall not exceed the limits of each defendant's liability

insurance coverage. "Liability" is a "broad legal term of the most comprehensive significance,

including almost every character of hazard or responsibility, absolute, contingent or likely."

Black's Law Dictionary 631 (6th ed. 1991). Courts routinely count liability pursuant to

settlement against the limits of defendants' liability policy. See, e.g., E.R. Squibb & Sons, Inc.

v. Lloyd's & Co., 241 F.3d 154, 160 (2d Cir. 2001) (addressing allocation of pending, future and

settled claims among limits of primary and excess policies).

Congress, in imposing the liability cap, must have been aware that most civil litigation is

resolved by settlement, not trial, and could scarcely have contemplated that liability liquidated by

settlement would be excluded from the statutory limitation. To hold otherwise would hamstring

the defendants entitled to Section 408's protection from settling claims and force them to
continue litigation, in contravention of a well-established federal policy favoring the settlement
of disputes.  See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 106 (2d Cir.
2005) ("We are mindful of the strong judicial policy in favor of settlements."); In re:
Painewebber Ltd. Partnerships Litig., 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong
judicial policy in favor of settlements").  Moreover, Congress plainly intended to protect the
aviation industry against the risk of financial outlays not subject to insurance coverage.  Finally,
plaintiffs who are parties to settlements like these e will benefit from receiving their settlement
payments now, rather than being forced to wait until the conclusion of lengthy, uncertain and
complicated litigation.

**B.    Certification Pursuant to Rule 54(b).**

The settlement of the *Fisher, Golinski, Shontere* and *Willcher* cases definitively resolves
these cases, and the dismissal with prejudice of the complaints in these actions is a classic final
disposition.  If these cases had been litigated on an entirely stand-alone basis, there would
arguably be no need for any Rule 54(b) certification.  But the *Fisher, Golinski, Shontere* and
*Willcher* cases have been consolidated with the other personal injury and wrongful death claims
for pretrial purposes.  For that reason, and to assure clarity that a final, appealable determination
is being made in each case, certification under Rule 54(b) of the Federal Rules of Civil
Procedure is appropriate.

Under Rule 54(b) of the Federal Rules of Civil Procedure,

> When more than one claim for relief is presented in an action,
> whether as a claim, counterclaim, cross-claim or third-party claim,
> or when multiple parties are involved, the court may direct entry of
> a final judgment as to one or more but fewer than all of the claims
> or parties only upon an express determination that there is no just

> reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). Here, there is no just reason for delay, and every reason to advance the finality of the resolution of four cases arising from terrorist attacks that took place over six years ago. See Cromer Fin. Ltd. v. Berger, Nos. 00-2284 and 00-2498, 2002 U.S. Dist. LEXIS 20174, at *7 (S.D.N.Y. Oct. 23, 2002) ("There is no reason to delay entering a partial judgment at this juncture; indeed, failing to do so could frustrate the goals of the negotiated settlement.").

The settlements resolve all claims against the defendants by the plaintiffs arising out of the September 11 attacks and offers a chance to achieve closure. If plaintiffs were forced to await the outcome of a liability trial and the outcome of other claims – involving different parties and different issues – before these resolutions become final, a protracted limbo will ensue. Under the terms of the settlement agreements, plaintiffs will not receive the promised payments unless and until a final judgment is entered in each case and the appeals periods are exhausted. See Laverty v. Savoy Indus., Inc., No. 89-3728, 1992 U.S. Dist. LEXIS 15056 (S.D.N.Y. Oct. 6, 1992) (holding that inability to execute on settlement was exactly the sort of "hardship and denial of justice through delay that Rule 54(b) was designed to eliminate."). As long as any degree of uncertainty persists about whether a settlement is subject to the limits of Section 408(a)(1) of the ATSSSA, defendants will be unable to finally settle and dispose of claims, and there will be no prospect of streamlining the litigation. Accordingly, the Court should direct entry of final judgment in each case as to the claims resolved by each settlement.

## CONCLUSION

For the reasons or arguments set forth above, the Court should enter Orders: (1) approving the settlement agreements; (2) directing entry of a final judgment in each case in

accordance with the terms of each settlement agreement pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure; (3) ruling that all amounts paid pursuant to the settlement agreements

count against the liability limits set forth in Section 408 (a)(1) of the ATSSSA; and (4)

dismissing the Complaints in *Fisher v. AMR Corporation, et al.*, 07 Civ. 8399 (AKH); *Golinski*

*v. AMR Corporation, et al.*, 07 Civ. 8398 (AKH); *Shontere v. AMR Corporation, et al.*, 07 Civ.

8401 (AKH); and *Willcher v. AMR Corporation, et al.*, 07 Civ. 8402 (AKH), with prejudice as to

all defendants.

Dated: New York, New York
      March 14, 2008

                    Respectfully submitted,

                    CONDON & FORSYTH LLP

                    By: _____
                        Desmond T. Barry, Jr., Esq. (DB 8066)
                    7 Times Square
                    New York, New York  10036
                    Tel.: (212)894-6700
                    Fax: (212)894-6771
                    DBarry@condonlaw.com

                    -and-

                    DEBEVOISE & PLIMPTON LLP
                    Roger E. Podesta, Esq. (RP 1749)
                    Maura K. Monaghan, Esq. (MM 7682)
                    919 Third Avenue
                    New York, New York 10022
                    Tel.: (212)909-6000
                    Fax: (212)909-6836
                    REPodesta@debevoise.com

                    Attorneys for Defendants
                    AMERICAN AIRLINES, INC. and
                    AMR CORPORATION

SIMPSON THACHER & BARTLETT LLP

By: _____
    Joseph F. Wayland, Esq. (JW 7549)
    425 Lexington Avenue
    New York, New York 10017
    Tel: (212)455-2000
    Fax: (212)455-2502
    JWayland@stblaw.com

Attorneys for Defendant
ARGENBRIGHT SECURITY, INC.